IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CORALEEN TUISALOO,<br><br>Defendant. | Case No. 19-cr-00036-DKW-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately 15 months into her 120-month sentence, Defendant Coraleen Tuisaloo asks the Court to reduce her sentence to time served because her medical conditions, in light of the COVID-19 pandemic, present an extraordinary and compelling reason warranting such a reduction. The Court disagrees, and, for the reasons set forth below, her motion is DENIED.

## RELEVANT BACKGROUND

On April 3, 2019, Tuisaloo pled guilty to methamphetamine distribution-related offenses. Dkt. No. 23. On August 19, 2019, the Court sentenced Tuisaloo to the mandatory minimum sentence of 120 months' imprisonment and five years of supervised release. Dkt. Nos. 35, 36. On December 28, 2020, Tuisaloo filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion"). Dkt. No. 40. Tuisaloo argues her medical conditions—principally, obesity, diabetes, hypertension, and asthma—in light of

the COVID-19 pandemic, present an extraordinary and compelling reason warranting her immediate release. *Id.* On January 5, 2021, the Government filed a response opposing any sentence reduction, Dkt. No. 46, to which Tuisaloo replied on January 6, 2021, Dkt. No. 47. This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

The parties appear to dispute only the third requirement detailed above. *See* Dkt. No. 46 at 2 (the government concedes "the exhaustion requirement has been met"), 16 ("the government agrees that [Tuisaloo] has demonstrated a medical condition that potentially" presents an extraordinary and compelling reason warranting a sentence reduction).[1] The Court, however, does not agree that Tuisaloo has met her burden of demonstrating an extraordinary and compelling reason warranting release. Moreover, the Court finds the goals of sentencing set forth in Section 3553(a) would not be served by a sentence reduction. For these reasons, Tuisaloo's compassionate release motion is DENIED.

---

[1] *See also* Dkt. No. 40-1 at 1–2 (compassionate release request sent to warden on September 24, 2020); *id.* at 3 (warden's denial of Tuisaloo's request on October 15, 2020).

3

## I.     **<u>Extraordinary and Compelling Reasons</u>**

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" (the "Commission").  As this Court has explained, it is bound by the Commission's Commentary in U.S.S.G. § 1B1.13 regarding what constitutes an "extraordinary and compelling" reason warranting a sentence reduction. *See, e.g.*, *United States v. Aruda*, No. 14-CR-00577-DKW, 2020 WL 4043496, *2–*5 (D. Haw. July 17, 2020).[2]

Accordingly, the Court applies the following framework to determine whether COVID-19 presents an extraordinary and compelling reason warranting a reduction in sentence:

> [A]n inmate must necessarily establish the following three elements by a preponderance of the evidence: (1) the inmate is "suffering from a terminal illness," or a "serious" physical or cognitive condition; (2) that condition puts the inmate at a high risk of becoming seriously ill from COVID-19; and (3) if the inmate were to contract COVID-19, the inmate's ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and the inmate would "not [be] expected to recover."

*United States v. Kazanowski*, No. 15-CR-00459-DKW-5, 2020 WL 3578310, at *7 (D. Haw. July 1, 2020) (alterations in original) (quoting U.S.S.G. §1B1.13 n.1(A)).

---

[2] While Tuisaloo disagrees with the Court, nothing she argues or cites compels a different result. *See* Dkt. No. 40 at 6–8; *contra.* Dkt. No. 46 at 2–10 (arguing in favor of the Court's holding).

The Court recognizes Tuisaloo suffers from conditions—obesity, type 2 diabetes, asthma, and hypertension[3]—recognized by the CDC as placing her at greater risk of having a severe reaction to COVID-19.[4]  But as the Court has often explained, demonstrating a high risk of becoming seriously ill from COVID-19 requires showing not only that a defendant is a member of an at-risk group, but also that there is "a high risk of contracting the virus because of the number of positive COVID-19 cases at the facility where [the defendant] is housed."  *See, e.g.*, *United States v. Rodrigues*, No. 16-CR-00529-DKW, 2020 WL 5351029, *5 (D. Haw. Sept. 4, 2020).

FCI Dublin, where Tuisaloo is housed, had a significant outbreak of COVID-19 in December 2020.[5]  As Tuisaloo details, the facility went from just six inmates reported infected on December 7, 2020 to 169 infected on December 29, 2020.  Dkt. No. 40 at 9.  However, as of January 13, 2021 (*i.e.*, the date of this order), it is clear the facility has gotten the spread of COVID-19 under control.  As

---

[3]Tuisaloo is obese, with a body mass index ("BMI") of 43.4.  Dkt. No. 45 at 13 (listing her weight as 277 pounds on November 4, 2020); Dkt. No. 29 at 23 (listing her height as 67 inches); s*ee also* Dkt. No. 40 at 3; Dkt. No. 46 at 15.  She also suffers from diabetes, asthma, and hypertension.  Dkt. No. 45 at 20, 62, 229–30; *see also* Dkt. No. 40 at 3–4; Dkt. No. 46 at 14–15.
[4]*See COVID-19 (Coronavirus Disease): People at Increased Risk for Severe Illness –People with Certain Medical Conditions*, CDC (updated Dec. 29, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 12, 2021) (listing those with BMIs of 30 or higher, and those with type 2 diabetes as having an increased risk of severe illness if they contract COVID-19; listing those with asthma and hypertension as possibly having an increased risk).
[5]*See*, Michael Williams, *Coronavirus Outbreak Infects 20% of East Bay Women's Prison*, San Francisco Chronicle (Dec. 23, 2020), https://www.sfchronicle.com/bayarea/article/Coronavirus-outbreak-infects-20-of-East-Bay-15825744.php (last visited Jan. 12, 2021).

of this order, the Bureau of Prisons ("BOP") is reporting that just 1 inmate and 6 staff are infected.[6] While these numbers are not conclusive as to the potential for future spikes at FCI Dublin, they provide strong evidence that the chance of Tuisaloo contracting the virus *at this time* is hardly significant. Thus, Tuisaloo has not met her burden of showing there is a significant risk of her contracting COVID-19 at her facility.

Even if she had, Tuisaloo has not demonstrated that should she contract the virus, her ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and she would "not [be] expected to recover." *See* U.S.S.G. § 1B1.13 n.1(A). The Court recognizes that the more comorbidities one has, the higher risk of a severe reaction to COVID-19.[7] Tuisaloo suffers from two underlying health conditions that put her at a higher risk of severe reaction (obesity and type 2 diabetes), and two conditions that might do so (asthma and hypertension).[8] But this is not the only relevant data point. FCI Dublin reports that

---

[6]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 13, 2021).
[7]*See COVID-19 (Coronavirus Disease): People at Increased Risk for Severe Illness –People with Certain Medical Conditions*, CDC (updated Dec. 29, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 12, 2021).
[8]*See COVID-19 (Coronavirus Disease): People at Increased Risk for Severe Illness –People with Certain Medical Conditions*, CDC (updated Dec. 29, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 12, 2021).

293 inmates and 14 staff have recovered from the virus.[9]  Significantly, there have been *no* COVID-19-related deaths reported at the facility.[10]  Again, these facts are not conclusive as to Tuisaloo's prospects should she contract the virus, but they provide clear evidence that FCI Dublin's screening and treatment protocols lead to the effective recovery of those who become infected.  At minimum, Tuisaloo has presented no evidence to the contrary.

Because Tuisaloo has failed to demonstrate an extraordinary and compelling reason warranting a sentence reduction, her compassionate release motion is DENIED.

## II.     Section 3553(a) Factors & Risk of Danger to the Community

Even if Tuisaloo presented an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any such reduction in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine Tuisaloo is "not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)."  *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

---

[9]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Jan. 13, 2021).
[10]While it concerns the Court that *other facilities* have had COVID-19-related inmate deaths, that fact does not materially bear on whether Tuisaloo can be expected to provide self-care and recover *at her facility* should she become infected with the virus.

Tuisaloo argues, "the Court [must] consider applicable sentencing factors based on the current circumstances." Dkt. No. 47 at 6. The Court agrees. But other than the looming presence of COVID-19 both within and outside the facility, little has changed with regard to the application of Section 3553(a) in the just-over-a-year in which Tuisaloo has been incarcerated. To date, Tuisaloo has served roughly fifteen months or approximately thirteen percent of her sentence. Dkt. No. 35 at 2 (Tuisaloo was ordered to self-surrender on September 30, 2019). As she describes, much of her time in prison has been served during the COVID-19 pandemic, so "her access to rehabilitative and educational programming has been extremely limited." Dkt. No. 40 at 12. While this fact is regrettable, the Court cannot simply ignore it. For Tuisaloo, access to such programming, one of the purposes behind incarceration, is particularly important given her substance abuse history, lack of education, and limited productive work history. Dkt. No. 29 at 21-22, 39.

Moreover, while rehabilitation is a significant goal of sentencing, it is not the only one. The Court finds Tuisaloo's 120-month sentence is, as it was at sentencing, "sufficient, but not greater than necessary . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct;

[and] (C) to protect the public." *See* 18 U.S.C. §3553(a)(2).[11]  Tuisaloo has an extensive criminal history.  *See* Dkt. No. 29 at 8–16.  None of her prior run-ins with the criminal justice system seem to have deterred her.  And nothing she has done since sentencing—during which time she has had "extremely limited access" to educational and rehabilitative programming—convinces the Court she will not continue to engage in criminal activity.  Thus, the need for Tuisaloo to actually serve a significant sentence for her conviction, as others also guilty of violating 21 U.S.C. §§ 841(a)(1)(A) and 841(a)(1)(B) must do, is necessary "to afford adequate deterrence of criminal conduct."  18 U.S.C. § 3553(a)(2)(B).

---

[11]Tuisaloo received a mandatory minimum sentence.  *See* 21 U.S.C. § 841(b)(1)(A); *see also* Dkt. No. 29 at 29.  Tuisaloo appears to argue this fact should encourage the Court to reconsider her sentence.  Dkt. No. 47 at 6 (explaining that without the mandatory minimum, Tuisaloo's sentencing range would have been 108 to 135 months).  But it is just the opposite.  Where the law is clear, the Court must enforce it.  *See Ryan v. United States*, 278 F.2d 836, 838 (9th Cir. 1960) (citing *United States v. Standard Brewery*, 251 U.S. 210, 217 (1920)).

## **CONCLUSION**

For the reasons set forth herein, Tuisaloo's motion for compassionate release, Dkt. No. 813, is DENIED.

IT IS SO ORDERED.

DATED: January 13, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*United States v. Coraleen Tuisaloo*, Criminal No. 19-00036-DKW-1, **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**