IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CORALEEN TUISALOO,<br><br>Defendant. | Case No. 19-cr-00036-DKW<br><br>**SECOND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

On January 13, 2021, this Court entered an Order denying Defendant Coraleen Tuisaloo's motion for compassionate release under 18 U.S.C. Section 3582(c)(1)(A)(i) because she had failed to show an extraordinary and compelling reason for release and the goals of sentencing would not be served by any reduction of her 120-month mandatory minimum sentence. Dkt. No. 48. This matter now returns to the Court following the Ninth Circuit Court of Appeals' remand of the January 13, 2021 Order for reconsideration of Tuisaloo's motion in light of the Circuit's guidance in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).

In her post-remand supplemental briefing, Dkt. No. 57, Tuisaloo again argues that the combination of the coronavirus and her medical conditions constitute an extraordinary and compelling reason for her release. In addition, for the first time, Tuisaloo argues that, at the very least, her sentence must be reduced because, at

sentencing, she should have received the benefit of a two-level reduction in her offense level as a result of the First Step Act's new safety valve provisions. According to Tuisaloo, these new provisions would have resulted in a lower sentencing guideline range of 87-108 months' imprisonment, rather than the 120-135 months' range set forth in the presentence investigation report adopted by the Court.  The Court rejects both arguments as reasons for reducing Tuisaloo's sentence.  First, Tuisaloo's medical conditions and the coronavirus do not constitute an extraordinary and compelling reason for a sentence reduction because data from the Bureau of Prisons (BOP) reflects that the coronavirus is almost non-existent at her place of incarceration.  Second, even if the Court was willing to accept that the safety-valve argument Tuisaloo makes is appropriate in the context of a compassionate release motion under Section 3582(c)(1)(A)(i), which is far from clear, she has failed to show that the Court would have sentenced her any differently given her nearly adulthood-long litany of criminality.  Tuisaloo's motion for compassionate release, Dkt. No. 40, is therefore again DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On August 19, 2019, Tuisaloo was sentenced to a mandatory minimum term of imprisonment of 120 months after pleading guilty to the distribution of 152.7g of "ice."  Dkt. No. 29 at 4, 7; Dkt. Nos. 34-35.  Prior to sentencing, a presentence

investigation report was produced showing that, since the age of 18 years, and interrupted predominately only by incarceration or probation, Tuisaloo had embarked on an adulthood-long series of criminality, involving, among other things, theft, criminal contempt of court, terroristic threatening, promoting a dangerous drug, and burglary.  Dkt. No. 29 at ¶¶ 34-54.  This resulted in a criminal history category of III.  *Id*. at ¶ 55.  With an offense level of 29, Tuisaloo's guideline imprisonment range was 108-135 months, which became 120-135 months due to the mandatory minimum sentence of 120 months for one of her offenses.  *Id*. at ¶¶ 30, 121.

On December 28, 2020, roughly 15 months into her sentence, Tuisaloo filed a motion for compassionate release pursuant to Section 3582(c)(1)(A)(i) ("motion"). Dkt. No. 40.  As discussed, the Court denied the motion on January 13, 2021, Dkt. No. 48, and Tuisaloo appealed, Dkt. No. 49.  On July 28, 2021, the Ninth Circuit vacated and remanded the denial of the motion for reconsideration in light of *Aruda*. Dkt. No. 54.

Upon issuance of the mandate, this Court provided the parties with an opportunity to supplement the record.  Dkt. No. 56.  On September 2, 2021, Tuisaloo did so, Dkt. No. 57, with the government responding on September 13, 2021, Dkt. No. 62.  This Order follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction.   18 U.S.C. § 3582(c)(1)(A)(i).[1]

## DISCUSSION

In her supplemental briefing, Tuisaloo argues for a sentence reduction on two principal grounds: (1) her medical conditions in combination with the coronavirus, and (2) the applicability of the First Step Act's new safety-valve provisions.   Dkt. No. 57.   The Court addresses each argument in turn.

First, Tuisaloo contends that her medical conditions, including some that have been diagnosed since entry of this Court's January 13, 2021 Order, make her more likely to get severely ill from the coronavirus.   Dkt. No. 57 at 1-3.   While the Court does not disagree with the foregoing, the Court does disagree with the equally important, although not acknowledged, assertion that Tuisaloo is likely to contract the coronavirus in the first place.   This is because, as of the date of this Order, BOP

---

[1] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions brought by a defendant under Section 3582(c)(1)(A).   *Aruda*, 993 F.3d at 802.

4

data reflects a total of one active case of coronavirus at FCI Dublin where Tuisaloo is incarcerated. *See* https://www.bop.gov/coronavirus (last visited September 17, 2021). Further, BOP data reflects that, at the Dublin facility, a total of 760 inmates have been fully vaccinated against the coronavirus. *Id*. Thus, while this data does not show precisely how many inmates are fully vaccinated at FCI Dublin at this exact moment,[2] given the widespread inoculation at the facility, it is far from surprising that so few coronavirus cases have been reported.[3] As a result, the Court does not find Tuisaloo's health conditions combined with the pandemic constitute reasons for reducing her sentence.

Second, Tuisaloo argues that her sentence should be reduced because, although she now contends that she was eligible for a safety-valve reduction at the time of sentencing, neither the government nor Tuisaloo herself raised the issue at that time.[4] Dkt. No. 57 at 6-9. Tuisaloo asserts that, had the safety-valve been

---

[2]In that regard, the Court notes that the BOP reports a total of 726 inmates at the Dublin facility, *see* https://www.bop.gov/locations/institutions/dub (last visited September 17, 2021), which is obviously *less* than the number of fully vaccinated inmates reported at the facility. Presumably, the higher number of vaccinations is due to inmates being transferred in and out of the facility, with some inmates that have been vaccinated there now having been transferred out. Whatever the reason, though, the data appears to reflect a very high uptake of vaccinations at the facility.
[3]Contrary to the fears expressed in Tuisaloo's supplemental briefing, for purposes of the instant analysis only, the Court places no emphasis on Tuisaloo's decision not to get vaccinated. In other words, as Tuisaloo puts it, the Court has not "penalized" her for this decision. *See* Dkt. No. 57 at 4.
[4]In her supplemental briefing, Tuisaloo ascribes the failure to raise the safety-valve issue to "both the defense and the prosecution…." Dkt. No. 57 at 9. The "error," however, is equally that of Tuisaloo's current counsel. In filing her post-First Step Act motion for compassionate release,

applied, she would not have been subject to a mandatory minimum sentence of 120 months and her guideline imprisonment range would have dropped from 108-135 months to 87-108 months.  *Id*. at 9-10.

Assuming for purposes of this analysis only that the foregoing argument can be made in the context of a compassionate release motion,[5] the Court does not find it to be a reason to reduce Tuisaloo's sentence.  Notably, while Tuisaloo asserts that, with the safety-valve correctly applied, her guideline imprisonment range would have been 87-108 months, at no point does she explain why she would have received a sentence in that range; she appears to assume it.  Importantly, at no point does Tuisaloo ever mention (let alone discuss) any of the 18 U.S.C. Section 3553(a) sentencing factors that must be considered when arriving at a "sufficient, but not

---

Tuisaloo was represented by current counsel.  That motion did not raise any argument concerning Tuisaloo's safety-valve eligibility.  *See* Dkt. No. 40.  Although the decision upon which Tuisaloo now relies, *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), was not issued until *after* the filing of her motion, that did not stop her from raising the argument at the time of her motion.
[5]In its supplemental briefing, the government states that there is a circuit split on whether a court can consider arguments, such as the one Tuisaloo makes, in the context of a Section 3582 motion.  Dkt. No. 62 at 7 n.3.  The cases cited by the government, though, concern non-retroactive amendments made by the First Step Act.  As Tuisaloo asserts, her argument does not rely upon a non-retroactive amendment.  *See* Dkt. No. 57 at 9.  That being said, the Court is far from convinced that a legal error or even an error by counsel, such as the one argued by Tuisaloo here, should constitute an extraordinary and compelling reason for a sentence reduction.  In that regard, the Court notes that, in *Aruda*, the Ninth Circuit held that, while Sentencing Guideline 1B1.13 was not binding, the guideline may "inform" a district court's discretion.  *Aruda*, 993 F.3d at 802.  So informed, the legal or counsel error at issue here is nothing like the extraordinary and compelling reasons provided in the guideline−all of which concern the medical condition or age of the defendant or her family.  *See* U.S.S.G. § 1B1.13 app. n.1.  The Court need not reach this issue, however, for the reasons discussed herein.

greater than necessary," sentence. 18 U.S.C. § 3553(a). Having re-considered all of those factors, at the very least, the Court is far from convinced that Tuisaloo's sentence should be reduced. As mentioned, Tuisaloo has shown throughout her adult life a complete disdain for the law and the consequences of her actions, both for herself and others. Given this history, culminating with the instant offenses to which Tuisaloo pled, the Court strongly doubts whether any sentence below 120 months' imprisonment would deter Tuisaloo or sufficiently protect the public from further crimes. *See id*. § 3553(a)(2)(B)-(C). In this light, the Court does not find that the purported error with respect to the safety-valve constitutes an extraordinary and compelling reason to reduce Tuisaloo's sentence.

Tuisaloo's motion for compassionate release, Dkt. No. 40, is DENIED.

IT IS SO ORDERED.

DATED: September 17, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge